**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

MICHAEL JOHNSON,                                                                          PLAINTIFF

V.                                      No. 1:11-CV00037-BSM-JJV

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the new hearing (if such a hearing is

1

granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Pending before the Court is the Social Security Administration's (SSA) Motion to Dismiss. (Doc. No. 6.) For the following reasons, the Court recommends that the SSA's Motion be GRANTED.

## I. BACKGROUND

On September 29, 2008, Mr. Johnson filed applications for Disability Insurance Benefits and Supplemental Security Income alleging a disability beginning on November 15, 2006. (Doc. No. 8, Ex. 1). Both his claims were denied initially on June 9, 2008 and for reconsideration on December 1, 2008. (*Id.*) He filed a written request for a hearing on February 2, 2009, which was granted and held on March 2, 2010. (*Id.*).

On August 12, 2010, an Administrative Law Judge (ALJ) issued a decision denying Mr. Johnson's Disability Insurance Benefits claim, finding that he "is not disabled under sections 216(i) and 223(d) of the Social Security Act." (*Id.*) Additionally, Mr. Johnson's

Supplemental Security Income claim was denied because he was found "not disabled under section 1614(a)(3)(A) of the Social Security Act." (*Id.*) Mr. Johnson and his attorney, David J. Throesch, were advised by the SSA that Mr. Johnson had sixty (60) days to file a written appeal and have the decision reviewed by the Appeals Council. (*Id.*). Mr. Johnson properly and timely appealed the decision.

On January 28, 2011, the Appeals Council denied Mr. Johnson's request for review and rendered the ALJ's decision as the "final decision of the Commission of Social Security" in his case. (Doc. No. 8, Ex. 2.) In the Notice of Appeals Council Action, Mr. Johnson and Mr. Throesh were notified that Mr. Johnson had sixty (60) days to file a civil action in the United States District Court seeking review of its decision. (*Id.*)

Mr. Johnson, through his counsel, filed a Complaint in the United States District Court for the Eastern District of Arkansas on May 3, 2011. (Doc. No. 2.) On August 9, 2011, the SSA filed a Motion to Dismiss (Doc. No. 6) arguing that Mr. Johnson's Complaint should be dismissed because it was filed more than sixty (60) days after receipt of the final decision of the Commissioner. The SSA further contends that Mr. Johnson is not entitled to equitable tolling.

Mr. Johnson's Compliant was filed thirty-five (35) days past the sixty (60) day deadline. He has not filed a Response to the SSA's Motion to Dismiss addressing whether or not equitable tolling applies as he was requested to do by the Court on August 10, 2011. (Doc. No. 9.)

**II.   DISCUSSION**

> Title 42 United States Code Section 405(g) provides that:
>
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also* 20 C.F.R. 422.210(c) (requiring that a civil action must be instituted within sixty days after the Appeals Council's "notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause"). Per the regulations, a claimant is presumed to have received notice of a denial of request for review five days after the date of notice, "unless there is a reasonable showing to the contrary." 20 C.F.R. 422.210(c). Receipt of notice "by either the individual or the individual's attorney, whichever occurs first, triggers the sixty day limitations period." *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003). Absent equitable tolling circumstances, failure to adhere to the sixty day limitations period warrants dismissal. *Id.*

In this case, Mr. Johnson has not disputed that his Complaint was filed after the sixty (60) day deadline. Absent a response by Mr. Johnson to the SSA's Motion to Dismiss, the Court finds no circumstances that would warrant equitable tolling. See *Medellin v. Shalala*, 23 F.3d 199, 204 (8th Cir 1994) (equitable tolling permissible in "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's

4

misconduct into allowing the filing deadline to pass." However, the Court has "been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights"); *Harris v. Chater*, No. 95-1013, 1995 WL 620015, *1 (8th Cir. Oct. 24, 1995) (per curiam) (finding no justification for equitable tolling when the filing is late as the result of "garden variety" excusable neglect).

Mr. Johnson, after the filing of his Compliant, has not pursued his rights. Furthermore, the Notice of Appeals Council Action clearly states that his counsel was carbon copied and the Notice sent to him at 210 E. Everett, Pocahontas, AR 72455.[1] Because both Mr. Johnson and Mr. Throesch have failed to exercise due diligence in preserving Mr. Johnson's legal rights, the Court recommends that the SSA's Motion to Dismiss be GRANTED.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Defendant's Motion to Dismiss (Doc. No. 6) should be GRANTED and the Complaint be dismissed with prejudice; and

2.   All pending motions should be denied as moot.

DATED this 12th day of September, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] This address is the same as reflected in the docket sheet for Mr. Throesch in this case.